IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMANDA PERSONS, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 22-cv-1006 |
| v. | ) ) ) | JURY DEMANDED |
| DINEAMIC STEAK, LLC, d/b/a PRIME & PROVISIONS, | ) ) ) | |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Amanda Persons complains against Defendant Dineamic Steak, LLC, d/b/a Prime & Provisions, alleging claims under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL") and the Chicago Minimum Wage Ordinance ("CMWO").

## Introduction

1. Defendant is a bar and restaurant called Prime & Provisions, located in Chicago, Illinois.

2. The FLSA forbids employers from retaining any portion of gratuities from their tipped employees. 29 U.S.C. § 203(m)(2)(B).

3. The IMWL and CWMO provide that employers may take an allowance of up to 40% of the minimum wage for employees who customarily receive gratuities, or tips, as part of their remuneration. 820 ILCS 105/4(c); CMWO Ch. 6-105 § 030. However, employers are not permitted to retain any portion of their employees' gratuities. *Id*.

4. Defendant violates the IMWL and CMWO conditions that forbid employers from taking any portion of the tips from their tipped employees if they are paying their tipped employees

the reduced minimum wage, and the FLSA's absolute prohibition on retaining tips from tipped employees.

5. Plaintiff, on behalf of herself and others similarly situated, seeks to recover unpaid minimum and overtime wages, and the return of illegal tip deductions, that she is owed as a result of Defendant's illegal tip retention practices.

## Parties

6. Amanda Persons worked as a server at Prime & Provisions from approximately April 2017 to November 2021.

7. Defendant Dineamic Steak, LLC, d/b/a Prime & Provisions, is an Illinois limited liability corporation that owns and operates a bar and restaurant at 222 North LaSalle Street, Chicago, Illinois 60601, called Prime & Provisions.

8. Defendant employed Plaintiff for the purposes of the FLSA, IMWL, and CMWO.

## Enterprise Coverage

9. During the relevant times, Defendant constituted an "enterprise" as that term is defined in the FLSA, because it performed related activities (either through unified operation or common control) for a common business purpose – namely, operating Prime & Provisions.

10. Upon information and believe, the annual sales of Defendant exceed $500,000.00.

11. Plaintiff and other workers handled materials that moved in interstate commerce when they performed work for Defendant.

## Jurisdiction and Venue

12. Venue is proper in this district because, at all relevant times, Defendant employed Plaintiff in Cook County and this judicial district.

13. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's claims under state and municipal pursuant to 28 U.S.C. § 1367.

## Facts

14. Plaintiff Amanda Persons worked for Defendant as a server during the past four and a half years.

15. Defendant paid Plaintiff the City of Chicago minimum wage for workers in tipped professions.

16. Defendant took advantage of the provisions of the IMWL and CMWO that allow employers of employees engaged in an occupation in which gratuities, or tips, are customarily part of the remuneration to pay tipped employees an hourly minimum wage that is less than the full minimum wage, under the condition that the employers do not retain a share of the tips. *See* 820 ILCS 105/4(c); CMWO Ch. 6-105, § 030.

17. Defendant pooled tips received from tipped staff, including but not limited to bartenders and servers, and distributed the earnings among employees at the end of the night.

18. Defendant also required tipped employees to share tips with "sommeliers."

19. Adam Sweders, Corporate Wine Director for Defendant's parent company Dineamic Hospitality, retained tips as a "sommelier" from at least April 2017 until July 2021.

20. During this same time, Sweders performed managerial duties and retained managerial authority, including the authority to hire and fire employees.

21. Beginning in or around May 2020, Defendant eliminated dedicated sommeliers and required some managers to retrieve wine from the cellar. Some managers, including Colin Jones and Mark Maruszak, also poured wine at tables.

22. Managers performed all the same managerial duties, including creating schedules, and managing guest relations, and retained managerial authority, including the authority to hire and fire employees, even when they retrieved wine from the cellars or poured wine at tables.

23. Managers working for Defendant who retained a share of the tip pool as "sommeliers," included Jennifer Ventresca, Marry Higgins, Mark Maruszak, Vanessa Bucio, Colin Jones, and Adam Sweders. It was Defendant's policy to share part of the tip pool with managers and designate the managers' tip share as a "sommelier" tip.

24. During a pre-shift meeting in or around late summer or early fall 2021, Plaintiff asked, "isn't that illegal?" for Defendant to require servers to share tips with managers as "sommeliers." Joe Rizza, Executive Chef and managing partner for Dineamic Hospitality, responded, "yes very illegal."

25. In or around late summer or early fall 2021, Plaintiff complained to Mark Maruszak that it seemed unfair that managers shared in the tip pool when they did not help to serve tables. He responded that servers had been making a lot of money on Defendant's automatic wine gratuity, and warned Plaintiff not to "come after my wine tip out."

## Class Allegations

26. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA tip credit provisions, as an opt-in representative or collective action on behalf of herself and an **"FLSA Class,"** consisting of all tipped employees who worked for Defendant between February 25, 2019 and February 25, 2022. Persons' FLSA opt-in form is attached as Exhibit A.

27. Plaintiff brings the claims set forth in Count II, alleging violations of the IMWL provision for occupations receiving gratuities, as a Rule 23 Class Action on behalf of herself and an **"IMWL Class,"** consisting of all tipped employees who worked for Defendant between February 25, 2019 and February 25, 2022.

4

28. Plaintiff brings the claims set forth in Count III, alleging violations of the CMWO provisions for occupations receiving gratuities, as a Rule 23 Class Action on behalf of herself and a **"CMWO Class,"** consisting of all tipped employees who worked for Defendant between February 25, 2019 and February 25, 2022.

29. The classes defined above satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

30. The Rule 23 Classes described above are so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. On information and belief, Defendant took illegal tip pool distributions from at least 70 tipped employees.

31. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact includes at least the following:

- Whether Defendant paid Plaintiff and the putative Class Members less than the Illinois minimum wage;

- Whether Defendant paid Plaintiff and the putative Class Members less than the City of Chicago minimum wage;

- Whether Defendant illegally retained a share of Plaintiff's and the putative Class Members' tips.

32. Plaintiff will fairly and adequately protect the interests of all class members. Her claims are typical of the claims of all class members. Plaintiff's interests in obtaining monetary relief for Defendant's violations of the class members' rights is consistent with and not antagonistic to those of any person within the classes.

33. Plaintiff has retained counsel competent and experienced in complex and class action litigation.

34. A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

35. The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

## **COUNT I: Violation of the FLSA**

36. Plaintiff incorporates all prior allegations as if fully stated herein.

37. Defendant employed Plaintiff and other putative class members because Defendant permitted them to serve its customers and exerted substantial control over the manner in which the servers performed their work.

38. Defendant required Plaintiff to share a portion of the tip pool with managers, in violation of 29 U.S.C. § 203(m)(2)(B) and 29 C.F.R. 531.52(b)(2).

39. Defendant's FLSA violations were willful.

## **PRAYER FOR RELIEF**

Plaintiff asks the Court to enter judgment against Defendant and issue an order:

a. Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all illegal tip deductions to Plaintiff and putative class members as well as all applicable liquidated damages;

c. Declaring that Defendant's conduct violated the FLSA;

d. Awarding Plaintiff and putative class members their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

### Count II – Violation of the Illinois Minimum Wage Law

40. Plaintiff incorporates all prior allegations as if fully stated herein.

41. Defendant employed Plaintiff and other putative class members because Defendant permitted them to serve its customers and exerted substantial control over the manner in which the servers performed their work.

42. Defendant did not pay Plaintiff the Illinois minimum wage for all hours worked in a workweek.

43. Defendant paid Plaintiff the City of Chicago minimum wage for tipped employees for hour for all hours worked in a workweek, plus tips, pursuant to the IMWL gratuity provision at 820 ILCS 105/4(c).

44. Defendant required Plaintiff to share a portion of the tip pool with managers in violation of 820 ILCS 105/4(c).

### PRAYER FOR RELIEF

Plaintiff asks the Court to enter judgment against Defendant and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiff as the representative of the IMWL Class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate 820 ILCS 105/4;

e. Declaring that Defendant forfeits the gratuity allowance provided in 820 ILCS 105/4(c);

f. Awarding Plaintiff and putative class members unpaid wages due as a result of Defendant forfeiting the IMWL gratuity allowance;

g. Awarding pre-judgment interest on the back wages in accordance with 815 ILCS 205/2;

h. Awarding penalties on all unpaid wages for each month the unpaid wages remain delinquent, pursuant to 820 ILCS 105/12(a);

i. Awarding treble damages, pursuant to 820 ILCS 105/12(a).

j. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

k. Awarding such other relief as this Court deems just and proper.

### Count III: Violation of the City of Chicago Minimum Wage Ordinance

45. Plaintiff incorporates all prior allegations as if fully stated herein.

46. Defendant employed Plaintiff and other putative class members because Defendant permitted them to serve customers and exerted substantial control over the manner in which the servers performed their work.

47. Defendant did not pay Plaintiff the City of Chicago full minimum wage for all hours worked in a workweek.

48. Defendant paid Plaintiff the City of Chicago minimum wage for tipped employees for all hours worked in a workweek, plus tips, pursuant to CMWO Ch. 6-105, § 030(a).

49. Defendant required Plaintiff to share a portion of the tip pool with managers, in violation of CMWO Ch. 6-105, § 030(b).

### PRAYER FOR RELIEF

Plaintiff asks the Court to enter judgment against Defendant and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiff as the representative of the CMWO Class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate CMWO Ch. 6-105, § 030(b);

e. Declaring that Defendant forfeits the gratuity allowance provided CMWO Ch. 6-105, § 030(a);

f. Awarding Plaintiff and putative class members unpaid wages due as a result of Defendant forfeiting the CMWO gratuity allowance;

g. Awarding pre-judgment interest on the back wages;

h. Awarding treble damages, pursuant to CMWO Ch. 6-105, § 110.

i. Awarding reasonable attorneys' fees and costs of this action as provided by CMWO Ch. 6-105, § 110;

j. Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

/s/ Christopher J. Wilmes
One of the Attorneys for the Plaintiff

Christopher J. Wilmes, cwilmes@hsplegal.com
Emily R. Brown, ebrown@hsplegal.com
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100

9